UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

William A. McClinton,

                Petitioner,

vs.                               Case No. 5:10-cv-333-Oc-29SPC

Warden, FCC Coleman-USP II,

                Respondent.
_____

## OPINION AND ORDER

**I.**

Petitioner William A. McClinton ("Petitioner"), who is incarcerated in the United States Penitentiary, initiated this action by filing a *pro se* Petition for Writ of Habeas pursuant to 28 U.S.C. § 2241, while he incarcerated at Federal Correctional Complex located in Coleman, Florida (Doc. #1, "Petition"). The Petition challenges a disciplinary action that allegedly resulted in the loss of gain time credits. Petition at 2, ¶1(c). Respondent filed a Motion to Dismiss in response to the Petition (Doc. #5, Motion) and exhibit in support (Exhs. 1-7). Respondent seeks dismissal of the instant Petition on the basis that the sanctions imposed upon Petitioner as a result of a finding that Petitioner was guilty of the disciplinary infraction do not affect the fact or duration of Petitioner's confinement. Response at 1. More specifically, Respondent contends that, although the sanctions included a disallowance of 27 days good time credit,

because Petitioner is serving a life sentence and is not eligible for parole, the sanction disallowing good time credit does not affect the length or duration of Petitioner's confinement. Response at 2. In the alternative, Respondent submits that the Petition should be denied because Petitioner was provided with a "fair disciplinary process prior to the imposition of sanctions against him and his limited due process rights were not violated." Id. Although directed to do so, Petitioner did not file a reply to the Response. See October 5, 2010 Order, ¶4 (Doc. #4). This matter is ripe for review.

**II.**

Claims challenging the validity of a prisoner's continued incarceration, including the fact or length of the custody, are within the "heart of habeas corpus" and are cognizable only in federal habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973). In contrast, an action pursuant to 42 U.S.C. § 1983 is appropriate for a state prisoner challenging the conditions of prison life but not the fact or length of the custody. Id., at 499.

When a prison disciplinary proceeding may result in the loss of good time credits, a prisoner is entitled to the following three procedural safeguards: (1) advance, written notice of the charges against him and at least 24 hours to prepare a defense; (2) an opportunity, when consistent with institutional safety and

correctional goals to call witnesses and present documentary evidence in his own behalf; and (3) a written statement by the fact finder of the evidence relied upon and the reasons for the disciplinary action. Wolff v. McDonnell, 418 U.S. 539, 563-66 (1974). Because good-time credits are a protected liberty interest, the decision to revoke credits must be supported by some evidence in the record. Superintendent v. Hill, 472 U.S. 445, 454 (1985).

**III.**

Petitioner was sentenced on March 5, 1992 and is serving a life sentence. Exh. 1 (Doc. #5-1 at 4). Petitioner committed his offense on October 25, 1991, which is after the enactment of the effective date of the Sentencing Reform Act of 1984;[1] and, thus, he is not eligible for parole. Consequently, although Petitioner was "technically" sanctioned with a loss of good time credits, Petitioner cannot demonstrate that the sanction affected the length or duration of his sentence. Upon review of the record, Petitioner was also sanctioned with disciplinary segregation, and loss of visiting and telephone privileges. Exh. 2 (Doc. #5-1 at 16). These sanctions do not exceed Petitioner's sentence or amount to an atypical, significant, hardship on Petitioner in relation to the

---

[1] The Act, although passed in 1984, did not go into effect until November 1, 1987. Gozlon-Peretz v. United States, 498 U.S. 395, 401 n.4 (1991).

ordinary incidents of prison life to trigger Petitioner's due process rights. <u>Sandin v. Connor</u>, 515 U.S. 472, 486 (1995).

Thus, Petitioner cannot demonstrate a protected liberty interest and is not entitled to habeas relief. <u>See</u> <u>Stewart v. Fed. Bureau of Prisons</u>, 378 F. App'x 872, 873 (11th Cir. 2010)(reaffirming that court lacks jurisdiction to grant habeas relief unless relief affects physical confinement which supplies the necessary custody requirement); <u>Gonzalez v. Menifee</u>, 2008 WL 521793 *2-3 (W.D. La. 2008)(adverse consequences resulting in inability to participate in federal programs due to disciplinary action does not create liberty interest for federal inmate serving two life sentences since he cannot show loss of good time credits); <u>Rodriguez v. Quarterman</u>, 2008 WL 942635, *3 (S.D. Tex. 2008)(recognizing no protected liberty interest due to revocation of good time credit for disciplinary action because, under Texas law, an inmate serving a life sentence for capital murder is not eligible for early release or mandatory supervision).  To the extent that Petitioner wishes to challenge that these sanctions illegally affected the conditions of his confinement, Petitioner's proper avenue of relief is to file a civil rights action. <u>Preiser v. Rodriguez</u>, 411 U.S. at 498-99.

ACCORDINGLY, it is hereby

**ORDERED**:

1. Respondent's Motion to Dismiss (Doc. #5) is **GRANTED** and the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 is **DENIED**.

2. The Clerk shall enter judgment accordingly, terminate any pending motions and deadlines, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this __13th__ day of November, 2012.

_____
JOHN E. STEELE
United States District Judge


SA: hmk
Copies: All Parties of Record